Date signed February 21, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| ALFRED LUIS REHDER : | Case No. 06-10744PM |
| : | Chapter 7 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |
| JOHN T. BELL, ESQ. : | |
| BELL, ROSE & CORDIER, P.A. : | |
| a/k/a BELL, REHDER & ROSE : | |
| Plaintiff : | |
| vs. : | Adversary No. 06-1406PM |
| ALFRED LUIS REHDER : | |
| STEVEN H. GREENFELD, TRUSTEE : | |
| Defendants : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |
| ALFRED LUIS REHDER : | |
| Counter-Claimant : | |
| vs. : | |
| JOHN T. BELL : | |
| BELL, ROSE & CORDIER, P.A. : | |
| Counter-Defendant : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |

### MEMORANDUM OF DECISION

Before the court are the Plaintiff's Motion for Summary Judgment on the Second Amended Complaint and the Defendant's Motion to Dismiss the Complaint. The facts are not in dispute. The Complaint is filed under § 523(a)(7) of the Bankruptcy Code that provides:

**11 U.S.C. § 523. Exceptions to discharge**
(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
\*          \*          \*          \*          \*
(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty--
(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

The Complaint focuses on a Restitution Order entered by the Circuit Court for Montgomery County, Maryland, on January 14, 2002. The Addendum to the Commitment Record attached as Exhibit 1 to the Memorandum in Support of the Motion for Summary Judgment states:

> DEFENDANT WAS ASKED IF HE HAD ANYTHING TO SAY BEFORE SENTENCING. COURT (PINCUS, J.) SENTENCES DEFENDANT TO TEN (10) YEARS INCARCERATION; SUSPENDS ALL BUT ONE (1) YEAR, TO BE SERVED AT THE MONTGOMERY COUNTY DEPARTMENT OF CORRECTIONS AND REHABILITATION, COMMENCING ON JANUARY 18, 2002 AT 12:00 P.M. PLACES DEFENDANT ON FIVE (5) YEARS SUPERVISED PROBATION, SUBJECT TO RESTITUTION IN THE AMOUNT OF TWO HENDRED TWENTY THOUSAND TWO HUNDRED FORTY-TWO DOLLARS AND FORTY-THREE CENTS ($220,242.23), AND OTHER SPECIAL CONDITIONS AS SET FORTH IN THE PROBATION CONTRACT. IMPOSES A FINE OF ONE THOUSAND ($1,000.00) DOLLARS; SUSPENDS PAYMENT OF ALL BUT FIVE HUNDRED ($500.00) DOLLARS. COURT COSTS AND FINES ASSESSED, TO BE PAID THROUGH PAROLE AND PROBATION.

Attached to the Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment as Exhibit 2 is a document entitled Summary of Thefts by Alfred L. Rehder During the Years 1997 through 2001 that reflects Debtor's total theft of $220,242.43 from Plaintiff, Plaintiff's clients and various lienholders.

This adversary proceeding is unnecessary. Of the 19 exceptions found in § 523(a) of the Bankruptcy Code to the discharge of a debt owed by individual debtors, only the exceptions contained in subsections (a)(2) and (a)(4) require a determination by the court on the request of a creditor that the debt should be excepted from discharge. 11 U..S.C. § 523(c)(1). The exceptions of the remaining subsections, such as, domestic support obligations, certain taxes, condominium fees, and other listed actions, require no such finding by the Bankruptcy Court. For the purpose of this Memorandum, the court will assume, but not decide, that the Plaintiff has

standing to bring this Complaint.  The court is hard-pressed to state a theory that would enable this Plaintiff, a pseudo-law firm to bring this action in its own name.[1]

The rule of decision in this case is governed by the case of *Kelly v. Robinson*, 479 U.S. 36 (1986), where the Court, speaking through Justice Powell, concluded its opinion with the following

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State.  Similarly, they are not assessed "for . . . compensation" of the victim.  The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State.  Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).
>
> In light of the strong interests of the States, the uniform construction of the old Act over three-quarters of a century, and the absence of any significant evidence that Congress intended to change the law in this area, we believe this result best effectuates the will of Congress.  Accordingly, the decision of the Court of Appeals for the Second Circuit is Reversed. [footnote omitted]

As pointed out in *Collier on Bankruptcy*, § 523.13[1], 15th Ed. rev. 2006:

> **[1]--Criminal Fines and Restitution in Chapter 13 Cases; § 1328(a)(3)**
>
> In *Kelly v. Robinson*, the Supreme Court held that a restitution obligation, which had been imposed as a condition of probation in a state criminal proceeding, was nondischargeable under section 523(a)(7).  The court stated that criminal proceedings focus on the state's interests in rehabilitation and punishment, and that a restitution order imposed in a criminal proceeding operates for the benefit of the state and not as a means to compensate the victim.
>
> *Kelly v. Robinson* establishes that fines or any condition imposed as part of a criminal sentence is nondischargeable under section 523(a)(7). . . .

*Collier* points out further that in *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552 (1990), the Court held that criminal restitutions were "debts" under the Bankruptcy Code and were therefore dischargeable in a Chapter 13 case.  But, the authors go on to point out that after the decision in *Davenport* that section "1328(a)(3) has since been amended twice to provide that restitution and certain criminal fines are **not** dischargeable under section

---

[1] As shown in Plaintiff's Affidavit, John T. Bell, at all times pertinent, has been the sole owner of the stock of the law firms listed in the caption.

1328(a)(3).” *Ibid.* (Emphasis in original.) Likewise, in the case of *In re Thompson*, 418 F.3d 362, 367-68 (CA3 2005), the court held even though the state collected money solely for distribution to victims of debtor's crimes in compensation for their injuries, the debt was non-dischargeable. *See also, Thompson v. Commonwealth of Virginia*, 16 F.3d 576, 577 (CA4 1994).

Debtor urges in opposition to the Motion for Summary Judgment that this court should overrule *Kelly v. Robinson* because of the changes contained in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The argument is that Congress overruled *Kelly v. Robinson sub silentio* when it added 11 U.S.C. §§ 523(a)(13) and 1323(a)(3) to the Code, thus demonstrating an intent to limit the breadth of the exception. The court is unwilling to follow this line in view of the absence of any significant evidence of the implication that Congress intended to depart from a rule of 100 years or more.

An appropriate order will be entered.

cc:
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850
Issa G. Ziadeh, Esq., 4600 North Park Avenue, Suite 101, Chevy Chase, MD 20815
Steven H. Greenfeld, Trustee, 7910 Woodmont Avenue, Suite 760, Bethesda, MD 20814
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**